UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN COLUMBUS | : | NO.: 3:05CV138 (WWE) |
| | : | |
| v. | : | |
| | : | |
| BOARD OF EDUCATION, AMITY | : | |
| REGIONAL SCHOOL DISTRICT #5, | : | |
| ET AL | : | August 30, 2007 |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS
## SANTO GALATIOTO AND STEVEN LEDEWITZ

Pursuant to F.R.Civ.P. Rule 15(a), defendants SANTO GALATIOTO and STEVEN LEDEWITZ, hereby submit this Answer and Affirmative Defenses.

**FIRST COUNT:  (As to Board of Education, Regional School District #5 and individual members of said board for the intentional creation of dangerous condition)**

1.    Paragraph 1 is denied as pled.

2.    As to paragraph 2, the defendants admit that, during the relevant time period referenced within his complaint, they were agents, employees, or servants of the defendant Board of Education, Amity Regional School District #5, and acting in their official capacities only.  Otherwise, paragraph 2 is denied.

3.    As to paragraph 3, it is admitted that the Board of Education, Amity Regional School District # 5, maintained, possessed, controlled the high school

premises (hereinafter "Amity High School") located on Newton Road in Woodbridge.

The remainder of paragraph 3 is denied.

      4.      Paragraphs 4, 5, 6, 7 and 9 are denied.

      5.      That portion of paragraph 8 which states: "As a result of the defendants

conduct described herein, the plaintiff was substantially certain to," is denied. As to

the remainder of paragraph 8, these defendants do not have sufficient knowledge or

information upon which to base a belief or opinion and, therefore, leave the plaintiff to

her burden of proof.

### SECOND COUNT: (Fraud, as against Carole W. Briggs)

Defendants Santo Galatioto and Steven Ledewitz do not answer the Second

Count, as it is not directed to them.

### THIRD COUNT: (Negligent misrepresentation as against Carole W. Briggs)

Defendants Santo Galatioto and Steven Ledewitz do not answer the THIRD

Count, as it is not directed to them.

### FOURTH COUNT: (Third Party Beneficiary of Contract, as against the defendant Briggs)

Defendants Santo Galatioto and Steven Ledewitz do not answer the

FOURTH Count, as it is not directed to them.

### FIFTH COUNT: (Fraud as against the defendant ServiceMaster)

Defendants Santo Galatioto and Steven Ledewitz do not answer the FIFTH

Count, as it is not directed to them.

**SIXTH COUNT:  (Aiding and abetting as against the defendants Briggs and ServiceMaster)**

Defendants Santo Galatioto and Steven Ledewitz do not answer the SIXTH Count, as it is not directed to them.

**SEVENTH COUNT:  (Intentional Infliction of Emotional Distress as to all Defendants)**

1.   The answers to paragraphs 1-9 of the First Count, are hereby made the answers to paragraphs 1-9 of the Seventh Count, as if fully set forth herein.

2.   Paragraph 10 is denied as pled.

3.   As to paragraph 11, it is admitted that Amity retained Attorney Carole Briggs and her office for legal representation.  Otherwise, this paragraph is denied as pled.

4.   Paragraph 12 is denied.

5.   As to paragraph 13, it is admitted that the Amity indoor air quality was the subject of investigation, inspections, and reports.  Otherwise, this paragraph is denied as pled.

6.   Paragraphs 14 and 15 are denied as pled.

7.   Paragraphs 16, 17, 18 and 21 are denied.

8.   That portion of paragraph 19 which states, "As a result of the plaintiff's reliance on defendant Briggs' fraud, false representations, and concealment of the truth," is denied.  As to the remainder of paragraph 19, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to his burden of proof.

3

9.     That portion of paragraph 20 which states, "As a further result of the plaintiff's reliance on defendant Briggs' fraud, false representations, and concealment of the truth," is denied. As to the remainder of paragraph 20, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to his burden of proof.

10.     Paragraph 22 is denied as pled.

11.     Paragraph 23 is admitted.

12.     As to paragraph 24, it is admitted that Amity and ServiceMaster entered into a contract. This contract speaks for itself, thus, paragraph 24 is otherwise denied.

13.     Paragraph 25 is denied.

14.     As to paragraph 26, it is admitted that Amity's indoor air quality was the subject of investigations, inspections and reports. Otherwise, this paragraph is denied.

15.     Paragraph 27 is denied as pled.

16.     Paragraphs 28, 29, 30 and 33 are denied.

17.     That portion of paragraph 31 which states, "As a result of the plaintiff's reliance on the defendant Briggs' fraud, false representations and concealment of the truth," is denied. As to the remainder of paragraph 31, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to his burden of proof.

18.     That portion of paragraph 32 which states, "In further reliance upon the defendant ServiceMaster's fraud, false representations and concealment of the truth," is denied. As to the remainder of paragraph 32, these defendants do not have

4

sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to his burden of proof.

19. Paragraphs 34 and 35 are denied.

20. That portion of paragraph 36 which states, "As a result of the aforementioned conduct of defendants," is denied. As to the remainder of paragraph 36, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to his burden of proof.

## EIGHTH COUNT:  (Negligent Infliction of Emotional Distress as to all Defendants)

1. The answers to paragraphs 1-9 of the First Count, are hereby made the answers to paragraphs 1-9 of the Eighth Count, as if fully set forth herein.

2. Paragraph 10 is denied as pled.

3. As to paragraph 11, it is admitted that Amity retained Attorney Carole Briggs and her office for legal representation.  Otherwise, this paragraph is denied as pled.

4. Paragraph 12 is denied.

5. As to paragraph 13, it is admitted that the Amity indoor air quality was the subject of investigation, inspections, and reports.  Otherwise, this paragraph is denied as pled.

6. Paragraphs 14 and 15 are denied as pled.

7. Paragraphs 16, 17, 18 and 21 are denied.

8. That portion of paragraph 19 which states, "As a result of the plaintiff's

reliance on defendant Briggs' fraud, false representations, and concealment of the truth," is denied. As to the remainder of paragraph 19, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to his burden of proof.

      9.      That portion of paragraph 20 which states, "As a further result of the plaintiff's reliance on defendant Briggs' fraud, false representations, and concealment of the truth," is denied. As to the remainder of paragraph 20, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to his burden of proof.

      10.      Paragraph 22 is denied as pled.

      11.      As to paragraph 23, it is admitted that Amity retained Attorney Briggs and her office for legal representation and consultation. Otherwise, this paragraph is denied as pled.

      12.      Paragraph 24 is denied.

      13.      As to paragraph 25, it is admitted that the Amity indoor air quality was the subject of investigation, inspections, and reports. Otherwise, this paragraph is denied as pled.

      14.      Paragraph 26 is denied as pled.

      15.      As to paragraph 27, 28, 29, 30, and 31, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

16.   Paragraph 32 is denied.

17.   Paragraph 33 is denied as pled.

18.   Paragraph 34 is admitted.

19.   As to paragraph 35, it is admitted that Amity and ServiceMaster entered into a contract. This contract speaks for itself; thus, paragraph 35 is otherwise denied.

20.   Paragraph 36 is denied.

21.   As to paragraph 37, it is admitted that Amity's indoor air quality was the subject of investigations, inspections and reports. Otherwise, this paragraph is denied.

22.   Paragraph 38 is denied as pled.

23.   Paragraphs 39, 40, 41, and 44 are denied.

24.   That portion of paragraph 42 which states, "As a result of the plaintiff's reliance on the defendant Briggs' fraud, false representations and concealment of the truth," is denied. As to the remainder of paragraph 42, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to his burden of proof.

25.   That portion of paragraph 43 which states, "In further reliance upon the defendant ServiceMaster's fraud, false representations, and concealment of the truth," is denied. As to the remainder of paragraph 43, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to his burden of proof.

26.   Paragraph 45 is denied.

27.   That portion of paragraph 46 which states, "As a result of the

aforementioned conduct of defendants," is denied. As to the remainder of paragraph 46, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to his burden of proof.

**NINTH COUNT:  (On behalf of John Columbus, as against the defendants Board of Education, Amity Regional School District #5 and individual members and agents of said Board, for Conspiracy pursuant to 42 USC 1985(3))**

    1.    Paragraph 1 is denied as pled.

    2.    As to paragraph 2, the defendants admit that, during the relevant time period referenced within his Complaint, they were agents, employees, or servants of the defendant Board of Education, Amity Regional School District #5, and acting in their official capacities, only.  Otherwise, paragraph 2 is denied.

    3.    Paragraphs 3, 7, 8, 9, 10 and 11, are denied.

    4.    As to paragraph 4, it is admitted that the Amity indoor air quality was the subject of investigation, inspection, and reports.  Otherwise, denied as pled.

    5.    Paragraph 5 is denied as pled.

    6.    As to paragraph 6, it is admitted that the plaintiff, John Columbus made a workers' compensation claim.  Otherwise, paragraph 6 is denied as pled.

**TENTH COUNT:  (Against the defendant ServiceMaster for Conspiracy pursuant to 42 USC 1985(3))**

Defendants Santo Galatioto and Steven Ledewitz do not answer the Tenth Count, as it is not directed to them.

8

**ELEVENTH COUNT:  (CUTPA as against all defendants)**

1. The answers to paragraphs 1-9 of the First Count, are hereby made the answers to paragraphs 1-9 of the Eleventh Count, as if fully set forth herein.

2. Paragraph 10 is denied as pled.

3. As to paragraph 11, it is admitted that Amity retained Attorney Carole Briggs and her office for legal representation.  Otherwise, this paragraph is denied as pled.

4. As to paragraph 12, it is admitted that Amity and ServiceMaster entered into a contract.  This contract speaks for itself; thus, paragraph 12 is otherwise denied.

5. Paragraph 13 is denied.

6. As to paragraph 14, it is admitted that Amity's indoor air quality was the subject of investigations, inspections and reports.  Otherwise, this paragraph is denied.

7. Paragraph 15 is denied as pled.

8. Paragraphs 16, 17 and 18 are denied.

9. Paragraph 19, 20, 21 ad 22, are denied.

10. Paragraph 20 is admitted.

11. As to paragraph 21, it is admitted that Amity and ServiceMaster entered into a contract.  This contract speaks for itself; thus, paragraph 21 is otherwise denied.

12. Paragraph 22 is denied.

13. As to paragraph 23, it is admitted that Amity's indoor air quality was the subject of investigations, inspections and reports.  Otherwise, this paragraph is denied.

14. Paragraph 24 is denied as pled.

15. Paragraphs 25, 26, 27, 28, 29, 30 and 31 are denied.

16. There is no paragraph 32.

17. Paragraph 33 is denied in its entirety.

18. Paragraph 34 is denied in its entirety.

19. Paragraph 35 is denied.


As to plaintiff's claims for relief:

These defendants deny that the plaintiff is entitled to any relief, nor has the plaintiff established the requirements for class certification.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense as to the First Count

1. Count One of the plaintiff John Columbus' Complaint is based upon a claim of intentional conduct by the Defendant Board of Education, Amity Regional School District #5, acting through the following individuals in their official capacities only: Rolfe W. Wenner, Santo Galatioto, Steven Ledewitz, Michael Lohne, Russell Faroni, and Dr. DiRienzo.

2. Count One of the plaintiff John Columbus' Complaint fails to state a claim upon which relief may be granted, as a governmental agency and its agents, servants, and/or employees sued in their official capacity, cannot be held liable in common or statutory law for intentional conduct.

**Second Affirmative Defense as to the First Count**

1.     Count One of the plaintiff John Columbus' Complaint is based upon a claim of intentional conduct by the Defendant Board of Education, Amity Regional School District #5, acting through the following individuals in their official capacities: Rolfe W. Wenner, Santo Galatioto, Steven Ledewitz, Michael Lohne, Russell Faroni, and Dr. DiRienzo.

2.     Count One of the plaintiff John Columbus' Complaint is barred by statutory and common law governmental immunity.

**Third Affirmative Defense as to the First Count**

1.     Count One of the plaintiff John Columbus' Complaint is based upon a claim of intentional conduct by the Defendant Board of Education, Amity Regional School District #5, acting through the following individuals in their official capacities: Rolfe W. Wenner, Santo Galatioto, Steven Ledewitz, Michael Lohne, Russell Faroni, and Dr. DiRienzo.

2.     The plaintiff John Columbus claims that he was exposed to mold, fungi and other hazardous materials while in the performance of her work within the Amity High School.

3.     The plaintiff John Columbus discontinued his work at the Amity High School during November of 1999.

11

4.      In April of 2000, the plaintiff John Columbus initiated a workers' compensation claim against the Board of Education, Amity Regional School District #5, claiming injuries caused by the presence of mold, fungi and other hazardous materials at the Amity Senior High School.

5.      By November 1999, and for some time prior thereto, the plaintiff John Columbus had been treating with personal physicians for claimed respiratory illness and skin rashes, which John Columbus casually related to the indoor air quality of the Amity Senior High School.

6.      The plaintiff John Columbus did not initiate the instant lawsuit until on or after December 28, 2004.

7.      Count One of the plaintiff John Columbus' Complaint is barred by the three-year statutory limitation period set forth within Connecticut General Statutes § 52-577.

**Fourth Affirmative Defense as to the First Count**

The plaintiff has failed to state a claim against these defendants upon which relief can be granted.

**First Affirmative Defense as to the Seventh Count**

1.      Count Seven of the plaintiff John Columbus' Complaint is based upon a claim of intentional conduct by the Defendant Board of Education, Amity Regional School District #5, acting through the following individuals in their official capacities: Rolfe W. Wenner, Santo Galatioto, Steven Ledewitz, Michael Lohne, Russell Faroni, and Dr. DiRienzo.

2.      Count Seven of the plaintiff John Columbus' Complaint fails to state a claim upon which relief may be granted, as a governmental agency and its agents, servants, and/or employees sued in their official capacity, cannot be held liable in common or statutory law for intentional conduct.

**Second Affirmative Defense as to the Seventh Count**

1.      Count Seven of the plaintiff John Columbus' Complaint is based upon a claim of intentional conduct by the Defendant Board of Education, Amity Regional School District #5, acting through the following individuals in their official capacities: Rolfe W. Wenner, Santo Galatioto, Steven Ledewitz, Michael Lohne, Russell Faroni, and Dr. DiRienzo.

2.      Count Seven of the plaintiff John Columbus' Complaint is barred by statutory and common law governmental immunity.

**Third Affirmative Defense as to the Seventh Count**

      1.     Count Seven of the plaintiff John Columbus' Complaint is based upon a claim of intentional conduct by the Defendant Board of Education, Amity Regional School District #5, acting through the following individuals in their official capacities: Rolfe W. Wenner, Santo Galatioto, Steven Ledewitz, Michael Lohne, Russell Faroni, and Dr. DiRienzo.

      2.     The plaintiff John Columbus claims that he was exposed to mold, fungi and other hazardous materials while in the performance of her work within the Amity High School.

      3.     The plaintiff John Columbus discontinued his work at the Amity High School during November of 1999.

      4.     In April of 2000, the plaintiff John Columbus initiated a workers' compensation claim against the Board of Education, Amity Regional School District #5, claiming injuries caused by the presence of mold, fungi and other hazardous materials at the Amity Senior High School.

      5.     By November 1999, and for some time prior thereto, the plaintiff John Columbus had been treating with personal physicians for claimed respiratory illness and skin rashes, which John Columbus casually related to the indoor air quality of the Amity Senior High School.

6.      The plaintiff John Columbus did not initiate the instant lawsuit until on or after December 28, 2004.

7.      Count Seven of the plaintiff John Columbus' Complaint is barred by the three-year statutory limitation period set forth within Connecticut General Statutes § 52-577.

**Fourth Affirmative Defense as to the Seventh Count**

The plaintiff has failed to state a claim against these defendants upon which relief can be granted.

**First Affirmative Defense as to the Eighth Count**

1.      Count Eight of the plaintiff John Columbus' Complaint is based upon a claim of intentional conduct by the Defendant Board of Education, Amity Regional School District #5, acting through the following individuals in their official capacities: Rolfe W. Wenner, Santo Galatioto, Steven Ledewitz, Michael Lohne, Russell Faroni, and Dr. DiRienzo.

2.      Count Eight of the plaintiff John Columbus' Complaint is barred by statutory and common law governmental immunity.

**Second Affirmative Defense as to the Eighth Count**

1.      Count Eight of the plaintiff John Columbus' Complaint is based upon the alleged negligent infliction of emotional distress, allegedly committed by the Defendant Board of Education, Amity Regional School District #5, acting through the following individuals in their official capacities: Rolfe W. Wenner, Santo Galatioto, Steven Ledewitz, Michael Lohne, Russell Faroni, and Dr. DiRienzo.

2.      The plaintiff John Columbus claims that he was exposed to mold, fungi and other hazardous materials while in the performance of his work within the Amity High School.

3.      The plaintiff John Columbus discontinued his work at the Amity High School in November of 1999.

4.      In April of 2000, the plaintiff John Columbus initiated a workers' compensation claim against the Board of Education, Amity Regional School District #5, claiming injuries caused by the presence of mold, fungi and other hazardous materials at the Amity Senior High School.

5.      By November 1999, and for some time prior thereto, the plaintiff John Columbus had been treating with personal physicians for claimed respiratory illness and skin rashes, which John Columbus casually related to the indoor air quality of the Amity Senior High School.

16

6.    The plaintiff John Columbus did not initiate the instant lawsuit until on or after December 28, 2004.

7.    Count Eight of the plaintiff John Columbus' Complaint is barred by the two-year statutory limitation period set forth within Connecticut General Statutes § 52-584.

**Third Affirmative Defense as to the Eighth Count**

The plaintiff has failed to state a claim against these defendants upon which relief can be granted.

**First Affirmative Defense as to the Ninth Count**

1.    Count Nine of the plaintiff John Columbus' Complaint is based upon an alleged violation of the equal protection clause of the Fourteenth Amendment brought by or through 42 USC 1985(3), allegedly committed by the Defendant Board of Education, Amity Regional School District #5, acting through the following individuals in their official capacities: Rolfe W. Wenner, Santo Galatioto, Steven Ledewitz, Michael Lohne, Russell Faroni, and Dr. DiRienzo.

2.    Count Nine of the plaintiff John Columbus' Complaint fails to state a claim upon which relief may be granted, as the plaintiff is not within a class of persons falling within the protection of the Equal Protection Clause, brought by or through 42 USC 1985(3).

17

**Second Affirmative Defense as to the Ninth Count**

      1.     Count Nine of the plaintiff John Columbus' Complaint is based upon an alleged violation of the equal protection clause of the Fourteenth Amendment brought by or through 42 USC 1985(3), allegedly committed by the Defendant Board of Education, Amity Regional School District #5, acting through the following individuals in their official capacities: Rolfe W. Wenner, Santo Galatioto, Steven Ledewitz, Michael Lohne, Russell Faroni, and Dr. DiRienzo.

      2.     Count Nine of the plaintiff John Columbus' Complaint is barred by the Amity defendants' absolute, qualified, and legislative immunity.

**Third Affirmative Defense as to the Ninth Count**

      1.     Count Nine of the plaintiff John Columbus' Complaint is based upon an alleged violation of the equal protection clause of the Fourteenth Amendment brought by or through 42 USC 1985(3), allegedly committed by the Defendant Board of Education, Amity Regional School District #5, acting through the following individuals in their official capacities: Rolfe W. Wenner, Santo Galatioto, Steven Ledewitz, Michael Lohne, Russell Faroni, and Dr. DiRienzo.

      2.     The plaintiff John Columbus claims that he was exposed to mold, fungi and other hazardous materials while in the performance of his work within the Amity High School.

3.      The plaintiff John Columbus discontinued his work at the Amity High School in November of 1999.

4.      In April of 2000, the plaintiff John Columbus initiated a workers' compensation claim against the Board of Education, Amity Regional School District #5, claiming injuries caused by the presence of mold, fungi and other hazardous materials at the Amity Senior High School.

5.      By November 1999, and for some time prior thereto, the plaintiff John Columbus had been treating with personal physicians for claimed respiratory illness and skin rashes, which John Columbus casually related to the indoor air quality of the Amity Senior High School.

6.      The plaintiff John Columbus did not initiate the instant lawsuit until on or after December 28, 2004.

7.      Count Nine of the plaintiff John Columbus' Complaint is barred by the three-year statutory limitation period set forth within Connecticut General Statutes § 52-577.

**Fourth Affirmative Defense as to the Ninth Count**

The plaintiff has failed to state a claim against these defendants upon which relief can be granted.

**First Affirmative Defense as to the Eleventh Count**

1.     Count Ten of the plaintiff John Columbus' Complaint is based upon a claim under the Connecticut Unfair Trade Practices Act (CUTPA) against the Defendant Board of Education, Amity Regional School District #5, acting through the following individuals in their official capacities: Rolfe W. Wenner, Santo Galatioto, Steven Ledewitz, Michael Lohne, Russell Faroni, and Dr. DiRienzo.

2.     Count Ten of the plaintiff John Columbus' Complaint fails to state a claim upon which relief may be granted, as a governmental agency and/or its agents, servants, and/or employees sued in their official or individual capacities, are not entities or persons that can be held liable for CUTPA violations.

**Second Affirmative Defense as to the Eleventh Count**

1.     Count Ten of the plaintiff John Columbus' Complaint is based upon a claim under the Connecticut Unfair Trade Practice Act (CUTPA) against the Defendant Board of Education, Amity Regional School District #5, acting through the following individuals in their official capacities: Rolfe W. Wenner, Santo Galatioto, Steven Ledewitz, Michael Lohne, Russell Faroni, and Dr. DiRienzo.

2.     Count Tenth of the plaintiff John Columbus' Complaint is barred by statutory and common law governmental immunity.

**Third Affirmative Defense as to Eleventh Count**

1.      Count Ten of the plaintiff John Columbus' Complaint is based upon a claim under the Connecticut Unfair Trade Practices Act (CUTPA) against the Defendant Board of Education, Amity Regional School District #5, acting through the following individuals in their official capacities: Rolfe W. Wenner, Santo Galatioto, Steven Ledewitz, Michael Lohne, Russell Faroni, and Dr. DiRienzo.

2.      The plaintiff John Columbus claims that he was exposed to mold, fungi and other hazardous materials while in the performance of his work within the Amity High School.

3.      The plaintiff John Columbus discontinued his work at the Amity High School in November of 1999.

4.      In April of 2000, the plaintiff John Columbus initiated a workers' compensation claim against the Board of Education, Amity Regional School District #5, claiming injuries caused by the presence of mold, fungi and other hazardous materials at the Amity Senior High School.

5.      By November 1999, and for some time prior thereto, the plaintiff John Columbus had been treating with personal physicians for claimed respiratory illness and skin rashes, which John Columbus casually related to the indoor air quality of the Amity Senior High School.

6.      The plaintiff John Columbus did not initiate the instant lawsuit until on or

after December 28, 2004.

7.   Count Tenth of the plaintiff John Columbus' Complaint is barred by the three-year statutory limitation period set forth within Connecticut General Statutes § 42-110g(f).

**Fourth Affirmative Defense as to the Eleventh Count**

The plaintiff has failed to state a claim against these defendants upon which relief can be granted.

## DEFENDANTS' CLAIM FOR SPECIAL DAMAGES

The defendants hereby make a demand against the plaintiff John Columbus for the award of attorneys' fees under 42 U.S.C. § 1988 should the defendants be the prevailing party as to the Ninth Cause of Action.

DEFENDANTS,
SANTO GALATIOTO and
STEVEN LEDEWITZ

By _____

Mark T. Altermatt
Ct08920
Halloran & Sage LLP
One Goodwin Square
Hartford, CT  06103
(860) 297-4630
(860) 548-0006 (Fax)

22

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent to all counsel of record this 30th day of August, 2007.

Stuart A. Margolis, Esquire
Berdon, Young & Margolis, P.C.
132 Temple Street
New Haven, CT  06510

Trudie R. Hamilton, Esquire
Fatima Lahnin, Esquire
Carmody & Torrance
P.O. Box 110
Waterbury, CT 06721-1110

Daniel C. DeMerchant, Esquire
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114-1190

Mark T. Altermatt