**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **JOHN COLUMBUS,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **v.** | :      **Civ. No. 05CV138 (WWE)** |
| | : |
| | : |
| **AMITY REGIONAL BOARD OF** | : |
| **EDUCATION, ROLFE WENNER,** | : |
| **SANTO GALTIOTO, STEVEN** | : |
| **LEDEWITZ, MICHAEL LOHNE,** | : |
| **RUSSELL FARONI, ANGELO** | : |
| **DIRIENZO, and SERVICE MASTER,** | : |
| | : |
| **Defendants.** | : |

_____    **RULING ON SUMMARY JUDGMENT**

In this action, plaintiff John Columbus brought claims against defendants Amity Regional Board of Education ("Board"), Board members Rolfe Wenner, Santo Galtioto, Steven Ledwitz, Michael Lohne, Russell Faroni, Angelo Direnzo, and Service Master relative to the allegedly unhealthful working conditions of Amity High School.  Plaintiff's counsel has represented that it has settled plaintiff's claims against all defendants with the exception of Service Master.

Service Master has filed a motion for summary judgment on plaintiff's claims of fraud, intentional infliction of emotional distress, negligent infliction of emotional distress, conspiracy, and violation of the Connecticut Unfair Trade Practices Act ("CUTPA") on the basis of the relevant statute of limitations.

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter

of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir. 1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  Am. Int'l Group, Inc. v. London Am. Int'l Corp., 664 F. 2d 348, 351 (2d Cir. 1981).  In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate.  Celotex Corp., 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met.  Liberty Lobby, 477 U.S. at 24.

Defendant maintain that plaintiffs' claims are barred by the relevant statute of limitations, which began to run when plaintiff commenced his medical leave of absence in November 1999.   Plaintiff filed this action in state court in December 2004.

Plaintiff has failed to provide opposition to defendant's arguments in favor of summary judgment.  "Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way."  Taylor v. City of New York, 269 F.Supp.2d 68, 75 (E.D.N.Y. 2003).   In light of plaintiff's failure to object and upon review of the merits of defendant's arguments, the Court finds that (1) plaintiff's fraud, conspiracy and intentional infliction of emotional distress are barred by the thee-year statute of limitation as provided

in Connecticut General Statutes ("Conn. Gen. Stat.") section 52-577; (2) plaintiff's claim of negligent infliction of emotional distress is barred by the two-year statute of limitation of Conn. Gen. Stat. section 52-584; and (3) plaintiff's CUTPA claim is barred by the three year statute of limitation period of Conn. Gen. Stat. section 42-110g(f). Summary judgment will be granted as to Service Master.

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment [# 53] is GRANTED as to Service Master.

This case should closed administratively in light of the reported settlement of the remaining claims. Plaintiff may file closing papers as to the remaining defendants within 30 days of this ruling's filing date.

Dated this _11th__ day of August 2008 in Bridgeport, Connecticut.


_____/s/_____
Warren W. Eginton
Senior United States District Judge